UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mike C. Henderson, | Case No. 22-cv-345 (KMM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Katle Mack; C/O Martin; T. Hamerrick; Kim Ebeling Sletten; Dradder, Property Room; and Minnesota Department of Correction, All Agencies That Are Involved in Torts (Unknown), | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Mike D. Henderson's Applications to Proceed in District Court Without Prepaying Fees or Costs. (IFP Applications [Docket Nos. 2, 10]).

Plaintiff is a prisoner of the State of Minnesota. Plaintiff commenced this action with a Complaint that raised, essentially, two categories of claims. First, Plaintiff alleged that his conviction was unlawful for various reasons, including that there was evidence indicating his innocence of the offense. Second, Plaintiff referred obliquely to "Tort Statutes" that he intended to invoke in this action, including 42 U.S.C. § 1983. (See, Compl. [Docket No. 1] at 5).

A few weeks later, Plaintiff filed a second action in this District, with the pleading commencing that second action labeled expressly as a petition for a writ of habeas corpus attacking the validity of Plaintiff's detention. See, Henderson v. State of Minnesota, No. 22-cv-566 (D. Minn.). In an Order dated March 16, 2022, this Court noted that, due to the substantial overlap between the claims in this action and the second action, it was no longer evident that Plaintiff

intended to continue prosecuting this action. (See, Order [Docket No. 7]). Plaintiff was informed that, should he elect to voluntarily dismiss this action and instead prosecute the habeas corpus action, the filing fees paid by Plaintiff to date in this action would be returned to him. Id. Plaintiff was also warned that, if he elected to proceed with this action, his complaint would be subject to preservice review under 28 U.S.C. § 1915A and that his pleading was unlikely to survive that initial review. Id.

Plaintiff has since filed an Amended Complaint, which has become the operative pleading in this matter. See, Fed. R. Civ. P. 15(a). No mention is made in the Amended Complaint of Plaintiff's claims regarding the legality of his conviction. (See, Amended Complaint [Docket No. 8]).[1] Instead, Plaintiff has elected to focus on his claims for relief under § 1983 and other unspecified "torts." (Id. at 4).

That Amended Complaint is now before the Court for preservice review under § 1915A. "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff requests both in the amended complaint and in the documents filed in conjunction with the amended complaint that the Court "exonerate" him, but in context, Plaintiff appears to be using "exonerate" in the sense of "vindicate" — that is, Plaintiff asks that the Court find that his tort claims are meritorious. In any event, this non-habeas civil action would not be the appropriate procedural vehicle through which to challenge the legality of Plaintiff's conviction or ongoing confinement. See, Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014).

28 U.S.C. § 1915A(b). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. See, Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008).

Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

In the present case, much of Plaintiff's Amended Complaint remains difficult to parse. For example, Plaintiff requests "for all local and world news to stop broadcasting Mr. Henderson over the television and radio concerning the tort or any other matter," but it is not clear from the pleading or the documents attached to the pleading what "broadcasting" Plaintiff might be referring to. (See, Amended Compl. [Docket No. 8] at 4). Similarly, Plaintiff asks that the Court prohibit others from eavesdropping on him, Id., but no other allegations regarding eavesdropping are included in the Amended Complaint or other materials. For the most part, where Plaintiff's allegations are even partially comprehensible, they are conclusory—and conclusory allegations are not entitled to the usual presumption of truth. See, Iqbal, 556 U.S. at 679.

One claim, however, has been set forth in greater detail by Plaintiff and merits closer attention. Plaintiff alleges that Defendants, who are employees of the Minnesota Department of Corrections, deprived him of property by disposing of 145 photographs of family and other

3

personal subjects that had been in his possession. (See, Amended Complaint [Docket No. 8] at 4; Motion to Dismiss [Docket No. 11] at 1). Although the circumstances of the alleged deprivation are not clear from the Amended Complaint itself, the exhibits submitted by Plaintiff suggest that the photographs had been removed from his possession when Plaintiff was transferred to a more restrictive housing unit, where prisoners are permitted to retain fewer personal items. Upon returning from restrictive housing, Plaintiff learned that the photographs had been disposed of. Liberally construing his pleadings in his favor, this Court interprets Plaintiff's Amended Complaint as claiming through these allegations that he has been deprived of a protected property interest without due process of law in violation of his constitutional rights.

Plaintiff comes nearer to stating a claim on which relief may be granted in this regard than in any other, but his claim nevertheless fails for at least two reasons. First, Plaintiff does not specify whether his claims under § 1983 are brought against the Defendants in their personal capacities or in their official capacities as agents of the State of Minnesota. The pleading must therefore be interpreted as raising only official-capacity claims. See, Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). But monetary damages of the kind sought by Plaintiff in this action are not available from state agents named only in their official capacities. See, e.g., Carter v. Rysh, No. 17-cv-1061 (DWF/HB), 2018 WL 3802082, at *2 (D. Minn. July 13, 2018) (collecting cases). This is a sufficient, independent reason to dismiss Plaintiff's claim.

Even assuming solely for the sake of argument that Plaintiff had sued a proper defendant in said defendant's proper capacity, Plaintiff has failed to adequately plead a due process claim here.

> To establish a procedural due process claim pursuant to § 1983, plaintiffs must establish three elements: (1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (2) that they were deprived of this protected interest within the

4

meaning of the Due Process Clause, and (3) that the state did not afford them adequate procedural rights prior to depriving them of their protected interest.

Hahn v. Star Bank, 190 F.3d 708 (6th Cir. 1999); see, Vaughn v. Ruoff, 304 F.3d 793, 796 (8th Cir. 2002) (citing Hahn). The Amended Complaint establishes the first and second of these elements—that is, Plaintiff adequately alleges that he was deprived of a protected property interest—but not the third. Even accepting each of Plaintiff's non-conclusory factual allegations as true, the Amended Complaint and accompanying materials lack sufficient allegations to establish that the process to which Plaintiff was afforded prior to the deprivation was inadequate. And without factual allegations that, if proved true, would establish the inadequacy of the procedures employed, Plaintiff cannot state a viable due process claim. See, Hahn v. Star Bank, 190 F.3d 708 (6th Cir. 1999); Vaughn v. Ruoff, 304 F.3d 793, 796 (8th Cir. 2002).

Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915(b), Plaintiff remains responsible for the unpaid portion of the filing fee for this matter, which must be paid in installments over time as funds become available to Plaintiff. Each of Plaintiff's pending motions, including his pending application to proceed in forma pauperis, may be denied in light of the recommendation of preservice dismissal.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b);
2. Plaintiff's applications to proceed in forma pauperis, [Docket Nos. 2, 10] be **DENIED**;
3. Plaintiff's motion for evidence of consent, [Docket No. 3], be **DENIED**;
4. Plaintiff's motion to dismiss, [Docket No. 11], be **DENIED**;

5. Plaintiff's motion to exonerate torts, [Docket No. 12], be **DENIED**; and

6. Plaintiff be directed to pay the unpaid balance ($263.40) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court be directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Dated: May 13, 2022               s/Leo I. Brisbois
                                  Hon. Leo I. Brisbois
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).